# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT CINCINNATI

ANTERNITIA O'NEAL, individually and as )    Case No.    **1:12 CV971**
the Administrator of the Estate of DONTEZ )
O'NEAL, Deceased )
)   Judge
AND )
)   SPIEGEL J.
ROBERT MATHEWS, )
)   Magistrate Judge
)
)
)   **COMPLAINT WITH REQUEST FOR**
            Plaintiffs )   **DAMAGES AND WITH JURY DEMAND**
)
v. )
)
)
ORLANDO SMITH )
Individually )
Cincinnati Police Department )
310 Ezzard Charles Drive )
Cincinnati, Ohio 45214 )
)
AND )
)
OFFICERS JOHN DOE 1-5, )
Individually )
Cincinnati Police Department )
310 Ezzard Charles Drive )
Cincinnati, Ohio 45214 )
)
AND )
)
OFFICERS JANE DOE 1-5, )
Individually )
Cincinnati Police Department )
310 Ezzard Charles Drive )
Cincinnati, Ohio 45214 )
)
            Defendants )

FILED
JOHN P. HEHMAN
CLERK
2012 DEC 19 PM 1: 59
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

## COMPLAINT

ANTERNITIA O'NEAL, the duly appointed administrator for the Estate of DONTEZ O'NEAL, and ROBERT MATHEWS ("Plaintiffs"), for their complaint against Defendant Officers John Doe 1-5 and Jane Doe 1-5 Doe states as follows:

### I.     JURISDICTION AND VENUE

1.  This action is being filed pursuant to 42 U.S.C. § 1983 and § 1988 to redress injuries suffered by Anternitia O'Neal and Dontez O'Neal and Robert Mathews for deprivation under color of state law rights secured by the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. This court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367. Venue in the United States District Court, Southern District of Ohio, Western division, is proper pursuant to 28 U.S.C. § 1391.

### II.     PARTIES

2.  Plaintiff Anternitia O'Neal, the mother of Dontez O'Neal, is a resident of Cincinnati, Ohio and will be the administrator of the estate of Dontez O'Neal, Hamilton County, Ohio.

3.  Plaintiff Robert Mathews is a resident of Cincinnati, Ohio.

4.  Anternitia O'Neal brings the civil rights action on behalf of the Estate of Dontez O'Neal and this wrongful death action on behalf of herself as Dontez ONeals' mother, who is and was a resident of Cincinnati, Ohio.

5.  Defendant Officer Orlando Smith is a City of Cincinnati Police Officer. Defendant Officer Orlando Smith is sued in his individual capacity. At all times relevant to this action, Defendant Orlando Smith acted under color of law.

2

6. Defendant Officers John Doe 1-5 are City of Cincinnati Police Officers. Defendant Officers John Doe 1-5 are sued in their individual capacity. At all times relevant to this action, Defendant Officers John Doe 1-5 acted under color of law.

7. Defendant Officers Jane Doe 1-5 are City of Cincinnati Police Officers. Defendant Officers Jane Doe 1-5 are sued in their individual capacity. At all times relevant to this action, Defendant Officers Jane Doe 1-5 acted under color of law.

## III.    FACTUAL ALLEGATIONS

8. Plaintiffs incorporate by reference each and every allegation contained in the paragraphs above and further states:

9. This action is being filed pursuant to 42 U.S.C. § 1983 and § 1988, the Fourth and Fourteenth Amendments to redress injuries and death suffered by Dontez O'Neal, deceased (hereinafter "Dontez," "Mr. O'Neal," or "Decedent") and Robert Mathews for deprivation of, under color of state law, rights secured by the Fourth Amendment to be free from unreasonable seizure due to the use of excessive force, and the Fourteenth Amendment not to not be deprived of the equal protection of the law, and the laws of the state of Ohio, against the Defendants.

10. The Plaintiffs allege that on or about November 21, 2012, that Decedent, Dontez O'Neal was driving a vehicle in which Gerry Banner was a passenger.

11. That Dontez then picked up Plaintiff Robert Mathews at or around 10:30 a.m. in the morning in Westwood.

12. That while driving down Burton Avenue, at or around 5:30 p.m., Defendant Orlando Smith and Defendant Officers John Doe 1-5 and Jane Doe 1-5 pulled their patrol car behind the Plaintiffs and turned on their lights to effectuate a stop.

13. The Defendants then pulled the patrol car in front of the Plaintiff's vehicle and one

3

passenger jumped out of the car and ran.

14. Dontez O'Neal placed his vehicle in reverse and as he was backing up he bumped into another vehicle.

15. Plaintiff Robert Mathews then jumped out of the back seat with his hands up, took a couple of steps, and Defendant Orlando Smith and Defendant Officers Jane Doe 1-5 and/or Officers John Doe 1-5 shot the Plaintiff Robert Mathews who then fell to the ground.

16. The vehicle that Dontez O'Neal hit, while attempting to back up, belonged to Defendant Officers Jane Doe 1-5 and/or Officers John Doe 1-5 dressed in plain clothes.

17. No Defendants, Officers, or other people were inside of the unmarked car.

18. That Defendant Officer Orlando Smith and Defendants Jane Doe 1-5 and/or Officers John Doe 1-5 then walked toward the driver's side of the vehicle and shot Dontez O'Neal while he was sitting in the driver's seat.

19. Neither Dontez O'Neal or Robert Mathews displayed any weapons, nor did they do anything besides attempt to leave the scene.

20. Without being in fear of their lives, Defendant Orlando Smith and Defendant Officers John Doe 1-5 and Jane Doe 1-5, shot roughly fourteen rounds at the Plaintiffs.

21. Defendant Orlando Smith and/or Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 shot Dontez O'Neal four times.

22. Defendant Orlando Smith and/or Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 shot Robert Matthews one time.

23. Dontez O'Neal died as a result of being shot by the Defendants.

24. Plaintiff Robert Mathews suffered a gun-shot wound and a fractured arm as a result of being shot by the Defendants.

4

## IV.    CAUSES OF ACTION

### COUNT I- VIOLATION OF 42 U.S.C § 1983
### EXCESSIVE FORCE- DONTEZ O'NEAL

25. The Plaintiffs incorporate by reference each and every allegation in the paragraphs above and further states:

26. The Defendant Officer Orlando Smith, Officers John Doe 1-5, and/or Jane Doe 1-5, have under color of state law, subjected Dontez O'Neal, and/or caused Dontez O'Neal to be subjected to the deprivation of the rights, privileges, and immunities secured to him by the United States and the Ohio Constitutions, including inter alia, the Fourth and Fourteenth Amendment to the United States Constitution.

27. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 violated  Dontez O'Neal's Fourth Amendment right to protection against unreasonable seizures when they shot him multiple times in the course of a traffic stop, when he was unarmed, and was complying with the Defendant Officers' commands.

28. The Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5's conduct was a violation of Dontez O'Neal's' right to due process of law, his right not to be subjected to cruel and unusual punishment, nor be deprived of life, liberty, or property, without due process of law under the 5th, 8th, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

29. As a direct and proximate result of Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5's actions, Dontez O'Neal is deceased.

## COUNT II- VIOLATION OF 42 U.S.C § 1983
## EXCESSIVE FORCE- ROBERT MATHEWS

30. The Plaintiffs incorporate by reference each and every allegation in the paragraphs above and further states:

31. The Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5, have under color of state law, subjected Robert Mathews, and/or caused Robert Mathews to be subjected to the deprivation of the rights, privileges, and immunities secured to him by the United States and the Ohio Constitutions, including inter alia, the Fourth and Fourteenth Amendment to the United States Constitution.

32. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 violated  Robert Matthew's Fourth Amendment right to protection against unreasonable seizures when they shot him in the course of a traffic stop, when he was unarmed, had his hands in the air, and was otherwise complying with the Defendant Officers' commands

33. The Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5's conduct was a violation of Robert Mathews' right to due process of law, his right not to be subjected to cruel and unusual punishment, nor be deprived of life, liberty, or property, without due process of law under the 5th, 8th, and 14th Amendments to the United States Constitution in violation of the Civil Rights Act of 1871, 42 U.S.C. §1983.

34. As a direct and proximate result of Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5's actions, Robert Mathews suffered severe injury, pain, and suffering

6

## COUNT III- WRONGFUL DEATH
## DONTEZ O'NEAL

35. The Plaintiffs incorporate by reference each and every allegation in the paragraphs above and further states:

36. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5, are being sued in their individual capacity. At all times relevant to this action, Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 acted under color of law.

37. The wanton or reckless acts or omissions of Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 directly and proximately caused the death of Dontez O'Neal.

38. The conduct of Defendant Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 was in violation of the laws of the state of Ohio.

39. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5's negligence proximately caused the death of Dontez O'Neal.

40. Dontez O'Neal is survived by his mother Anternitia who suffered damages as a result of Dontez O'Neals's death.

41. Dontez O'Neal, age 19, had a life expectancy of 50 years at the time of his death.

42. Dontez O'Neal's beneficiaries suffered damages of loss of support from his reasonably expected earning capacity.

43. Dontez O'Neal's beneficiaries suffered damages for loss of his services over the time he was expected to live.

44. Dontez O'Neal's beneficiaries suffered damages for loss of society over his life expectancy, including loss of companionship, consortium, care, assistance, attention, protection,

7

advice, guidance, counsel, instruction, training, and education.

45. Dontez O'Neal's heirs at law, at the time of his death, suffered damages for loss of prospective inheritance.

46. Dontez O'Neal's beneficiaries suffered damages for the mental anguish caused by his death. Reasonable funeral and burial expenses have been incurred.

47. Defendants' acts constitute violations of various sections and subsections of the Ohio Revised Code, including, but not limited to ORC § 2903.02 which is actionable pursuant to ORC § 2307.60.

**COUNT IV- INTENTIONAL TORT, BATTERY, AND MURDER**
**DONTEZ O'NEAL**

48. The Plaintiffs incorporate by reference each and every allegation in the paragraphs above and further states:

49. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 battered Dontez O'Neal by intentionally and offensively contacting his body when they shot him without justification, and with deadly force.

50. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 unlawfully shot Dontez O'Neal.

51. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 shot Dontez O'Neal with the intent to cause the death of Dontez O'Neal or otherwise in shooting and handling their firearms, were wantonly engaging in conduct which creates a grave risk of death and caused the death of Dontez O'Neal.

52. Defendants' acts constitute violations of various sections and subsections of the Ohio Revised Code, including, but not limited to ORC § 2903.02 which is actionable pursuant to ORC § 2307.60.

8

## COUNT V- BATTERY
## ROBERT MATHEWS

53. The Plaintiff incorporates by reference each and every allegation in the paragraphs above and further states:

54. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 battered Dontez O'Neal by intentionally and offensively contacting his body when they shot him without justification, and with deadly force.

55. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 battered Dontez O'Neal by unlawfully injuring him by means of a deadly weapon or dangerous ordinance and causing physical harm to Dontez O'Neal.

## COUNT VI- SPOLIATION OF EVIDENCE

56. Defendant Officer Orlando Smith, Defendant Officers John Doe 1-5 and/or Defendant Officers Jane Doe 1-5 destroyed dash cam video of the events in order to avoid criminal or civil consequences, which they knew would probably be brought, as a result of their deliberate conduct in battering one Plaintiff and murdering another.

57. The video that was destroyed by the Defendants relates directly to the Defendants' conduct at critical times and such destruction was in bad faith. Video exists which relates to what happened immediately before and after the events.

58. Such destruction has proximately harmed the Plaintiffs' meritorious claims.

## DAMAGES

59. As a consequence of all the Defendants' wrongful conduct, Plaintiffs Dontez O'Neal and Robert Mathews experienced unnecessary pain and suffering and severe and unjustified mental and emotional distress which ultimately resulted in Dontez O'Neal's death, Robert

9

Mathews fractured arm, and for which the Plaintiffs are entitled to recover actual damages.

60. Furthermore, all of the Defendants' violations of the Plaintiffs' rights were knowing, intentional, cruel and malicious, entitling the Plaintiffs to recover punitive damages from Defendants in order to deter such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs ANTERNITIA O'NEAL and ROBERT MATHEWS request judgment on all counts in addition to cost and interest associated with the disbursement of this action. The Plaintiffs also request:

A. Award Plaintiffs compensatory damages against the Defendants in an amount to be proven at trial, including but not limited to pain and suffering of the Decedent Dontez O'Neal and Robert Mathews;

B. Award Plaintiffs punitive damages for the civil rights claim against the individual Defendants in an amount to be proven at trial;

C. Award Plaintiff Anternitia O'Neal reasonable funeral and burial expenses incurred as a result of Decedent Dontez O'Neil's wrongful death;

D. Award Plaintiffs their reasonable attorney's fees pursuant to 42 U.S.C. 1988;

E. Declare the Defendants' actions unconstitutional and enjoin Defendants from the unconstitutional violations complained of herein.

F. Grant Plaintiffs a trial by jury; and

G. Grant all such other relief as may be just and equitable.

Respectfully submitted,

Eric C. Deters (#0038050)
5247 Madison Pike
Independence, KY 41051
Phone: (513) 322-8151
Fax: (513) 381-4084
Email: eric@ericdeters.com
*Trial Attorneys for Plaintiff Anternitia O'Neal,*
*Administrator for the Estate of Dontez O'Neal*

## PROBATE COURT OF HAMILTON COUNTY, OHIO
## JAMES CISSELL, JUDGE

ESTATE OF ___DONTEZ O'NEAL_____, DECEASED

CASE NO. _____

# FIDUCIARY'S ACCEPTANCE
# (EXECUTOR/ADMINISTRATOR)

I, the undersigned, hereby accept the duties which are required of me by law, and such additional duties as are ordered by the Court. As executor/administrator of the estate I will:

1) Give notice of the admission of the will to probate to all heirs and beneficiaries within 2 weeks and file a certificate of notice of probate of will within 2 months.

2) Make and file any inventory of the real and personal assets of the estate within 3 months after appointment, or such time as extended by the Court.

3) Deposit funds which come into my hands in a lawful depository located within this State. Estate checking accounts must provide canceled checks, as these canceled checks may be required to prove the accounts.

4) Keep estate funds in separate estate accounts at all times during the administration of the estate.

5) Invest all funds, in a lawful manner.

6) Make and file the final and distributive account within 6 months following my appointment, or such time thereafter as extended by the Court.

7) File all tax documents as required by law.

8) Maintain adequate insurance to reasonably protect any property that I may hold as a fiduciary.

9) Obey all Orders of the Court.

I acknowledge that I am subject to removal as such fiduciary if I fail to perform such duties. I further acknowledge that I am subject to possible civil and criminal penalties for improper conversion of the property that I hold as a fiduciary.

**NOTICE:** Attorney fees shall not be paid until the final account is prepared for filing unless otherwise approved by the Court.

Every fiduciary, before entering upon the execution of a trust, shall receive letters of appointment from a probate court having jurisdiction of the subject matter of the trust. [R.C. 2109.02].

___December 18, 2012___
Date

___Antornitta O'Neal___
(Executor/Administrator)

H.C. FORM 4.8 - FIDUCIARY'S ACCEPTANCE                    02/10/03

**CASE NO.** _____

The following are the vested beneficiaries named in the decedent's will.

| Name | Residence<br>Address | Birthdate<br>of Minor |
|------|----------------------|-----------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**[Check whichever of the following is applicable]**

☐   This will contains a charitable trust or a bequest or devisee to a charitable trust, subject to R.C. 109.23
     and 109.41.
☐   The will is not subject to R.C. 109.23 and 109.41 relating to charitable trusts.

December 18, 2012
Date

Anternitia O'Neal
Applicant (or give other title)

Anternitia O'Neal

**CASE NO.** _____

☐    Applicant is decedent's surviving spouse and is entitled to the entire net proceeds of the estate, or applicant is the next of kin entitled to the entire net proceeds of the estate and there is no will. Bond is dispensed with by law.

☐    Applicant offers the attached bond in the amount of $ _____

Applicant accepts the duties of fiduciary in the estate imposed by law, and such additional duties as may be required by the Court. Applicant acknowledges being subject to removal as fiduciary for failure to perform such duties as required, and also acknowledges being subject to criminal penalties for improper conversion of any property held as fiduciary.

_____
Attorney for Applicant
Phillip F. Cameron

Typed or Printed Name
635 West Seventh Street, Suite 401

Address
Cincinnati, Ohio 45203

513-729-1999
Phone Number (include area code)

Attorney Registration No. 0033967

_____
Applicant
Anternitia O'Neal

Typed or Printed Name

Address

Phone Number (include area code)

## WAIVER OF RIGHT TO ADMINISTER
### [R.C. 2113.06]

The undersigned, being persons entitled to administer decedent's estate, and whose priority of right to do so is equal or superior to that of applicant, hereby waive appointment to administer the estate.

   H.C. FORM 4.0 - APPLICATION FOR AUTHORITY TO ADMINISTER ESTATE